UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO. 6:13-cr-266-JA-KRS

**JORGE LUIS ALOMAR-BAELLO**

## ORDER

Before the Court is Defendant Alomar-Baello's "Emergency Expedited Motion for Compassionate Release Due to Petitioner Jorge Alomar-Baello's Contraction of the Covid-19 Virus, on November 2, 2020, The Failure of the Bureau of Prisons and Fort Dix to Protect Inmates from the Outbreak of the Covid-19 Virus and the Recent Change of CDC Guidelines for Serious Medical Conditions on October 6, 2020" ("Motion for Compassionate Release") (Doc. 116). The Government opposes Defendant's request. (Doc. 119). Because Defendant has not exhausted his administrative remedies, the motion is due to be denied.

After Defendant pled guilty to conspiracy to possess with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. § 846, (Docs. 46, 57), the Court sentenced him to 180 months imprisonment and 5 years of supervised release on April 25, 2014. (Docs. 96, 97). Prior to his criminal conduct in this case, Defendant was convicted of conspiracy to possess with

intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine in federal court in Puerto Rico, and conspiracy to distribute 5 kilograms of more of cocaine in federal court in Miami. The offense of the second conviction was committed after he had been arrested for the offense of the first conviction but not yet sentenced. Defendant was on supervised release on both of these prior convictions when he was arrested for the offense in this case. Defendant is almost 51 years old and according to him, has a home detention eligibility date of November 3, 2027. (Doc. 116 at 2).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2020). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, **or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,** whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors

set forth in section 3553(a) to the extent that they are applicable, if it finds that--
**(i)** extraordinary and compelling reasons warrant such a reduction; or
**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

## II. DEFENDANT FAILED TO EXHAUST HIS ADMINSTRATIVE REMEDIES

The Court must first determine if Defendant exhausted his administrative remedies as failure to do so is fatal to his request. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.") *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241); *cf. Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*)

3

(affirming dismissal of prisoner's complaint without prejudice for failure to exhaust his administrative remedies under the PLRA). Defendant bears the burden of establishing that a reduction in sentence is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Defendant claims he submitted a request for compassionate release to warden David Ortiz of FCI Fort Dix on November 14, 2020, and "[a]s of February 8, 2020,"[1] had not received a reply and therefore "met the 30 day requirement." (Doc. 116 at 3). Defendant attaches a copy of his request at Doc. 116-1 at 1. The copy is a form titled "Compassionate Release/Reduction in Sentence" dated 11/14/2021. There is nothing on the form to show it was submitted to the warden.[2] In support of his request for relief here, Defendant filed a document

---

[1] The timeline provided by Defendant is confusing and at least partially wrong. Defendant filed his motion for compassionate release on February 14, 2021. (Doc. 116). He claims in his motion that he submitted his request to the warden on November 14, 2020 (Doc. 116 at 3) but the copy of the request attached to his motion is dated November 14, 2021 (Doc. 116-1 at 1), a date in the future. He also states that by February 8, 2020 he had not received a reply (Doc. 116 at 3), a date prior to his November 2020 request. Similarly, the dates he alleges he contracted Covid-19 vary. In the FTCA claim attached to his motion, he reports the date of the "accident" as October 22, 2020. (Doc. 116-1 at 3). And the request to the warden states he contracted Covid-19 on October 27, 2020. (Doc. 116-1 at 1). But the instant motion claims that he contracted the virus on November 2, 2020. (Doc. 116 at 1).

[2] And interestingly, in the attached FTCA claim form dated December 10, 2020, Defendant makes no mention that he submitted a request for compassionate release to the warden in November, the month before. (Doc. 116-1 at 3-9).

4

entitled "Sworn Affidavit" stating that on November 14, 2020, he "filed for compassionate release with FCI Fort Dix Warden David Ortiz via the Prison Mail Box Rule."[3] (Doc. 116-1 at 2). But that document is not signed by a person legally authorized to administer an oath such as a notary public, and therefore is not an affidavit.

On the other hand, the Government provides the BOP's Administrative Remedies Log as pertains to Defendant. (Doc. 119-1). This log does not show a request for compassionate relief being filed on November 14, 2020 or at any time. (*Id.*). It does show three requests for applications of First Step Act credits received on October 13, 2020, October 14, 2020, and December 30, 2020. (*Id.*). The status of the October 13, 2020 and December 30, 2020 requests is "REJ" on October 13, 2020 and February 1, 2021 respectively. (*Id.*). The status of the October 14, 2020 request is "CLD" on October 28, 2020. (*Id.*). Also attached is the warden's October 28, 2020 response stating Defendant is "not eligible for Earned Time credit at this time" and denying the request for relief. (Doc. 119-1 at 3).

The administrative remedies exhaustion requirement differs from the prison mailbox rule.[4] The prison mailbox rule is limited to filings made to courts.

---

[3] As discussed below, the prison mailbox rule does not apply here.

[4] The prison mailbox rule considers court pleadings filed by a prisoner, including appeals and complaints, to be filed as of the date the pleading is delivered to "prison authorities for forwarding" to the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

*Williams v. McNeil,* 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). *See also, Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993). Courts "have consistently found that the prison mailbox rule does not apply to the filing deadlines in the BOP's grievance procedure." *Tucker v. Jones,* No. 2:17-cv-133, 2018 WL 3557462, at *5, (S.D. Ga. July 24, 2018) (collecting cases), *report and recommendation adopted,* No. 2:17-cv-133, 2018 WL 4688721, at *1 (S.D. Ga. Sept. 28, 2018). The BOP procedures for administrative remedies are governed by administrative regulations which are legislative. *Nigro v. Sullivan,* 40 F.3d 990, 996 (9th Cir. 1994). "Such 'legislative regulations must be accorded their plain meaning where the language selected by the drafters is clear and unequivocal.'" *Id.* (quoting *Idaho First Nat'l Bank v. C.I.R,* 997 F.2d 1285, 1289 (9th Cir. 1993)). Here, 28 C.F.R. § 542.18 is clear: "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." Defendant's "Compassionate Release/Reduction in Sentence" is not logged in to the administrative remedies log pertaining to him. (Doc. 119-1). Therefore, Defendant's compassionate release request to the warden cannot be considered filed with the warden.

Defendant fails to carry his burden to show that a sentence reduction is warranted in that he failed to exhaust his administrative remedies. Therefore, Defendant's request is fatally flawed and the Court need not address any other argument.

6

## III.  CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 116) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on March 16, 2021.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Jorge Luis Alomar-Baello