# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:13-cr-266-JA-KRS

JORGE LUIS ALOMAR-BAELLO

## ORDER

Defendant filed an "Emergency" Expedited Motion for Compassionate Release (Doc. 121)[1] and another document (untitled) wherein he "motions this Court to resubmit his Compassionate Release on new facts" that at the time of his earlier "Emergency" Expedited Motion for Compassionate Release "were unavailable." (Doc. 122). Because Defendant does not show extraordinary and compelling reasons, his motion is due to be denied.

Defendant's first "Emergency" Motion for Compassionate Release (Doc. 116) was denied due to Defendant's failure to exhaust his administrative remedies. (Doc. 120). Defendant now asserts in his untitled document that he submitted a request to the Warden on March 22, 2021 and has had no response. (Doc. 122). The form Defendant submitted indicates it was received on March 24, 2021. (Doc. 122 at 6). Taking Defendant's assertion that he has not received

---

[1] The motion filed at Doc. 121 is a duplicate of the motion filed at Doc. 116 (except that page 30 in Doc. 121 was not in Doc. 116, but it appears it was inadvertently omitted from Doc. 116 based on the page numbers).

a response from the Warden to his request as true, the Court will address the merits of Defendant's request.

The Court may reduce a term of imprisonment if it finds extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A). Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances. Neither (B) or (C) apply here because Defendant is not over 65 and he does not claim a relevant family circumstance. Extraordinary medical conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A).

In his untitled document, Defendant asserts no medical conditions, expressing only his concern about contracting Covid-19 and the conditions at the facility where he is housed. (Doc. 122). In his "Emergency" motion, Defendant asserts he is obese and was previously infected with Covid-19. (Doc. 121, 116). In its response to Defendant's first "Emergency" Motion for Compassionate Release, the Government averred that Defendant is a relatively

healthy man. (Doc. 119). While he contracted Covid-19, he recovered with no lingering impact. (*Id.*). And, although he asserts a high BMI, the medical records show his weight is within 5-10 pounds of what is was when he was first incarcerated. (*Id.*). Being mildly obese is not sufficient to sustain a finding of an extraordinary and compelling reason. "According to the CDC . . . as of 2017-2018, 42.4% of American adults suffer from obesity. Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (July 2, 2020, M.D. Fla.)(footnotes omitted).

And, "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. And "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Defendant provides no medical records to support a finding that he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within his correctional facility and from which he is not expected to recover.

The Court finds that Defendant has failed to establish extraordinary and compelling reasons to grant compassionate release. The Court finding no extraordinary and compelling circumstances, it need not consider the factors set forth in 18 U.S.C. § 3553(a). In an abundance of caution however, the Court has considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief. The sentence imposed is necessary to protect the public, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Defendant from future crimes.

Defendant's resubmitted Emergency Expedited Motion for Compassionate Release (Doc. 121, 122) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May ___, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Jorge Luis Alomar-Baello